**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 99-4609**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM AARON HILL,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-99-96)

─────────

Submitted: February 29, 2000          Decided: March 16, 2000

─────────

Before MURNAGHAN, NIEMEYER, and KING, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Michael W. Lieberman, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, David W. Jensen, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Aaron Hill appeals his convictions for being a prisoner in possession of a shank and assault with a dangerous weapon. On appeal, he alleges that his due process rights were violated and that his indictment should have been dismissed because the Government destroyed a shank found after the attack. He also alleges that his convictions were not supported by the evidence adduced at trial. For the reasons that follow, we affirm.

First, although the evidence revealed that the Government intentionally destroyed a shank that may have been the murder weapon, Hill failed to establish that such destruction was made in bad faith or that the shank's exculpatory value was apparent at the time of destruction. See Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); California v. Trombetta, 467 U.S. 479, 489 (1984). Second, viewing the evidence as we must, we find that the evidence was sufficient to support Hill's convictions. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Accordingly, we affirm Hill's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED